22-0380-cv
*Mario Badescu Skin Care v. Sentinel*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand twenty-three.

PRESENT:    Guido Calabresi,
            Steven J. Menashi,
            Beth Robinson,
                *Circuit Judges.*

_____

MARIO BADESCU SKIN CARE, INC.,

     *Plaintiff-Appellant*,

  v.                                             No. 22-0380-cv

SENTINEL INSURANCE COMPANY, LIMITED,

     *Defendant-Appellee.*

_____

*For Plaintiff-Appellant*:          Dennis T. D'Antonio and Joshua L. Mallin, Weg & Myers, P.C., Rye Brook, NY.

*For Defendant-Appellee*:          Charles A. Michael, Steptoe & Johnson LLP, New York, NY; Jonathan M. Freiman and Anjali S. Dalal, Wiggin and Dana LLP, New Haven, CT, and New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Mario Badescu Skin Care, Inc. ("MBSC"), a New York corporation with its headquarters and principal business in New York, appeals from the district court's Rule 12(b)(6) dismissal without leave to amend of its complaint against Defendant-Appellee Sentinel Insurance Company, a Connecticut corporation with its headquarters in Connecticut. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

## I

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021) (internal quotation marks omitted).

This court and the state courts of New York have consistently and repeatedly held that, under New York law,[1] COVID-19 does not trigger insurance

---

[1] New York substantive law applies to the underlying insurance dispute because the forum state is New York and therefore New York choice-of-law rules govern. *Statek Corp.*

policy provisions that provide coverage for losses arising from "direct physical loss" of or "physical damage" to covered property. *See 10012 Holdings, Inc. v. Sentinel Ins. Co.*, 21 F.4th 216 (2d Cir. 2021); *Rye Ridge Corp. v. Cincinnati Ins. Co.*, No. 21-1323, 2022 WL 120782 (2d Cir. Jan. 13, 2022); *Kim-Chee LLC v. Philadelphia Indem. Ins. Co.*, No. 21-1082, 2022 WL 258569 (2d Cir. Jan. 28, 2022); *Deer Mountain Inn LLC v. Union Ins. Co.*, No. 21-1513, 2022 WL 598976 (2d Cir. Mar. 1, 2022); *SA Hosp. Grp., LLC v. Hartford Fire Ins. Co.*, No. 21-1523, 2022 WL 815683 (2d Cir. Mar. 18, 2022); *BR Rest. Corp. v. Nationwide Mut. Ins. Co.*, No. 21-2100, 2022 WL 1052061 (2d Cir. Apr. 8, 2022); *Consol. Rest. Operations, Inc. v. Westport Ins. Corp.*, 205 A.D.3d 76 (N.Y. App. Div. 1st Dep't 2022).

MBSC attempts to distinguish this case from other cases in which the allegations were less specific. Appellant's Br. 14-15. But, as the Appellate Division, First Department, recently held, to trigger coverage for "'direct' 'physical' damage or loss to property," "[t]he property must be *changed, damaged or affected in some tangible way*, making it different from what it was before the claimed event occurred." *Consol. Rest.*, 205 A.D.3d at 82 (emphasis added). Here, that did not happen. As the district court explained, "COVID-19 is harmful to people—not buildings. … [E]ven if the virus was physically present at the premises, its presence is short-lived and easily remediated, and thus 'does not alter the covered property.'" *Mario Badescu Skin Care Inc. v. Sentinel Ins. Co.*, No. 20-CV-6699, 2022 WL 253678, at *5 (S.D.N.Y. Jan. 27, 2022) (quoting *Kim-Chee LLC v. Philadelphia Indem. Ins. Co.*, 535 F. Supp. 3d 152, 159 (W.D.N.Y. 2021)).

---

*v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*, 673 F.3d 180, 186 (2d Cir. 2012) ("[A] federal court sitting in diversity must generally apply the choice of law rules of the state in which it sits."). In contract disputes, New York "appl[ies] 'the law of the place which has the most significant contacts with the matter in dispute,'" *Md. Cas. Co. v. Continental Cas. Co.*, 332 F.3d 145, 151 (2d Cir. 2003) (quoting *Auten v. Auten*, 308 N.Y. 155, 160 (1954)), and here New York has the most significant contacts.

MBSC provides no reason to depart from "the unbroken line of precedent in the COVID-19 context that [has] interpreted identical provisions [of insurance contracts] to find that physical damage to the premises is a prerequisite to coverage." *Id.* at *4.

MBSC argues that Sentinel should cover its losses because the applicable policy contained many explicit exclusions but none for COVID-19. The district court rejected that argument because "New York law makes clear that exclusions may only 'subtract from coverage' and 'cannot create coverage' through negative inferences." *Id.* at *5 (quoting *Raymond Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 5 N.Y.3d 157, 163 (2005)). We adhere to our prior holding that "the absence of the virus exclusion does not alter th[e] conclusion" that an insured "has not shown it suffered a covered loss under its insurance policy." *Kim-Chee LLC*, 2022 WL 258569, at *2.

MBSC also argues that it should be covered under the civil authority provision. But to secure coverage under that provision, the insured must show that an order of a civil authority "'prohibited access' to the covered premises" and that the order was the direct result of physical loss of or damage to property nearby. *Sharde Harvey, DDS, PLLC v. Sentinel Ins. Co.*, No. 20-CV-3350, 2021 WL 1034259, at *16 (S.D.N.Y. Mar. 18, 2021), *report and recommendation adopted*, 2022 WL 558145 (S.D.N.Y. Feb. 24, 2022); *see also Food for Thought Caterers Corp. v. Sentinel Ins. Co.*, 524 F. Supp. 3d 242, 250-51 (S.D.N.Y. 2021) (dismissing a civil authority claim "because no civil authority order denied complete access to the plaintiff's premises" and because the plaintiff "failed to plead specific facts showing that the COVID restrictions that applied to the property at issue were the direct result of a risk of direct physical loss to other property in the immediate area"); *Visconti Bus Serv., LLC v. Utica Nat'l Ins. Grp.*, 142 N.Y.S.3d 903, 917 (N.Y. Sup. Ct. 2021) ("[T]he gist of Civil Authority coverage is that physical harm to someone else's premises has caused the civil authorities to prohibit access to the insured's premises. Here, in contrast, *both* premises are restricted for the same reason: to limit the risk of

spreading the Covid-19 virus. This simply does not implicate Civil Authority coverage."). We agree with the district court that MBSC failed to allege facts sufficient to establish either element.[2]

**II**

"We review the denial of leave to amend a complaint under an abuse of discretion standard." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). "The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Still, leave to amend is futile if the proposed amendment "could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015) (quoting *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). "[I]n the absence of any indication that [the plaintiff] could—or would— provide additional allegations that might lead to a different result, the District Court [does] not err in dismissing [the] claim with prejudice." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011).

Here, no amount of additional discovery or re-pleading would change the fact that the COVID-19 virus "injures people, not property." *Santo's Italian Café*

---

[2] Procedurally, MBSC argues that, when it evaluated Sentinel's Rule 12(b)(6) motion, the district court erred by refusing to consider two expert reports that had been produced in discovery. In MBSC's view, the district court should have evaluated Sentinel's Rule 12(b)(6) motion as a motion for summary judgment, which would have allowed the district court to consider the expert reports. Appellant's Br. 18-19. But because the district court evaluated the complaint under Rule 12(b)(6), it *assumed* that all the facts MBSC alleged were true. For that reason, it would not have made a difference if the district court had considered MBSC's expert reports by construing Sentinel's Rule 12(b)(6) motion as a motion for summary judgment. As the district court explained, "*[e]ven if the Court takes these facts as true* and concludes that the COVID-19 virus was present in the air or on the surfaces of the premises, courts in this Circuit have been unanimous in concluding that the presence of the COVID-19 virus does not qualify as damage to the property itself, given the virus's short lifespan." *Mario Badescu Skin Care*, 2022 WL 253678, at *5 (emphasis added) (internal quotation marks and alteration omitted).

*LLC v. Acuity Ins. Co.*, 15 F.4th 398, 403 (6th Cir. 2021); *see also Ascent Hosp. Mgmt. Co., LLC v. Emps. Ins. Co. of Wausau*, No. 21-11924, 2022 WL 130722, at *3 (11th Cir. Jan. 14, 2022) ("[D]irect physical loss or damage requires an actual physical change to property that COVID-19 particles cannot cause."). Under these circumstances, the district court did not abuse its discretion in deciding that further attempts to amend would be futile.

*     *     *

We have considered MBSC's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6